IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-HC-2307-FL

| | |
|---|---|
| LEVON SPAULDING a/k/a JOHN SCOTT,  )<br>)<br>Petitioner,  )<br>)<br>v.  )<br>)<br>NORTH CAROLINA PAROLE COMMISSION and DEPARTMENT OF PUBLIC SAFETY,  )<br>)<br>Respondents.  ) | ORDER |

This matter is before the court on respondent's motion for summary judgment (DE 16) pursuant to Federal Rule of Civil Procedure 56(a). Also before the court is petitioner's motion to amend (DE 26). For the following reasons, the court grants petitioner's motion to amend and respondent's motion for summary judgment.

**STATEMENT OF THE CASE**

On July 9, 1992, in Robeson County Superior Court, a jury convicted petitioner of first degree burglary, felonious larceny, and felonious breaking and entering, and the trial court sentenced petitioner to consecutive terms of imprisonment totaling 80 years. See Spaulding v. United States, No. 5:16-HC-20220-D (E.D.N.C. October 4, 2016). On April 23, 1997, petitioner filed a habeas petition pursuant to 28 U.S.C. § 2254, which the court dismissed on October 20, 1997. See Spaulding v. Lee, No. 5:97-HC-00279-H (E.D.N.C. Oct. 20, 1997) (docket entries indicating petition and order granting respondent's motion for summary judgment), aff'd, 139 F.2d 892 (table), 1998

WL 12303. (4th Cir. Mar. 19, 1998) (per curiam) (unpublished). Petitioner has filed five federal habeas petitions and three Rule 60(b) motions for relief over two decades. See Spaulding v. United States, No. 5:14-HC-2174-BO, 2014 WL 11485570, at *1 (E.D.N.C. Sept. 30, 2014) (collecting cases), appeal dismissed, 589 F. App'x 221 (4th Cir. 2015) (per curiam) (unpublished).

Petitioner filed the instant § 2254 petition on December 22, 2015, in which he contends that he has been improperly denied parole based on unconstitutional disciplinary convictions. Because petitioner was not directly challenging his underlying criminal conviction, he was permitted to proceed with his claims after initial review . See United States v. Hairston, 754 F.3d 258, 262 (4th Cir. 2014) (holding that a numerically second collateral attack petition should not be considered second or successive where "the facts relied on by the movant . . . did not exist when the numerically first [petition] was filed and adjudicated.").

Respondent filed a motion for summary judgment on March 14, 2016, and petitioner has responded. Petitioner has also moved to amend his petition. In this posture, these matters are ripe for adjudication.

## DISCUSSION

A.     Motion to Amend

Federal Rule of Civil Procedure 15 provides that a party may amend its pleading once as a matter of course within 21 days after service, or, if the pleading requires a response, within 21 days after service of the response or service of a motion under Rule 12(b), (e), or (f). See Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend its pleading only with the written consent of the opposing party or with leave of court. See Fed. R. Civ. P. 15(a)(2). A court should freely grant leave to amend a complaint or answer unless "the amendment would be prejudicial to the opposing

2

party, there has been bad faith on the part of the moving party, or the amendment would [be] futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (quotation omitted); see Foman v. Davis, 371 U.S. 178, 182 (1962). Given this liberal standard, petitioner's motion to amend is GRANTED.

B. Summary Judgment

1. Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

2. Analysis

Although petitioner's core claim is that he has been improperly denied parole based on unconstitutional disciplinary convictions, his petition also includes language which could be construed as challenging his conviction. Before a second or successive application for habeas relief may be filed in the district court, an applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); see In re Williams, 364 F.3d 235, 238 (4th Cir. 2004) ("The initial determination of whether a claim

3

satisfies [the requirements set forth in § 2244(b)(2)] must be made by a court of appeals.") (citation omitted). Petitioner has not received authorization to file this second or successive action from the Fourth Circuit. Thus, this court does not have jurisdiction to review any challenge to petitioner's underlying conviction.

To the extent petitioner argues that he has received unconstitutional disciplinary convictions, (see Pet. 2), he has not exhausted those claims, and, therefore they are dismissed. See 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas corpus petition."). Likewise, respondent's summary judgment materials, (see DE 18-2 at 2-3), establish that any habeas challenge to petitioner's disciplinary convictions would be time-barred. See 28 U.S.C. § 2244(d)(1)(A)-(D); Frasch v. Peguese, 414 F.3d 518, 521 (4th Cir. 2005).

More fundamentally, rather than challenging specific disciplinary convictions, petitioner is actually contesting the North Carolina Parole Commission's ("Commission") decision to deny him parole. "There is no constitutional or inherent right of a convicted person to be [paroled] before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Even if a parole statute creates a liberty interest, an inmate is entitled to only "minimal procedure." Vann v. Angelone, 73 F.3d 519, 522 (4th Cir. 1996). The Fourth Circuit has held it is sufficient for the parole authorities to furnish the prisoner with a statement of reasons for the denial of parole. Id.; see also Wilson v. Mann, 5:08–CT–3053–BO, 2009 WL 9073078, at *2 (E.D.N.C. Aug. 25, 2009), aff'd, 361 F. App'x 496 (4th Cir. 2010). A federal court must not involve itself in

4

"the merits of either the state's parole statute or its individual parole decisions." Id.

Petitioner's case was reviewed for parole purposes on July 22, 2015, and the record reflects that the Commission furnished petitioner with a statement of reasons for its decision. (Pet'r Ex. (DE 25) at 7). Specifically, the Commission provided petitioner the following statement of reasons:

> There is a substantial risk that you will not conform to reasonable conditions of parole.
>
> Your continued correctional programming in the institution will substantially enhance your capacity to lead a law-abiding life if released at a later date.

Id.

To the extent petitioner questions the Commission's July 21, 2015, decision denying him parole, review of an individual parole decision is not within the parameters of this court's scope of review. See Vann, 73 F.3d at 522; Butler v. Daniels, No. 5:15-HC-2175-FL, 2016 WL 6304687, at *3 (E.D.N.C. Oct. 27, 2016).

Finally, to the extent petitioner contends that the policies and procedures adopted by the Commission violate his right to due process, a civil rights complaint, rather than a habeas petition, is the proper vehicle for such a claim. See Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (ruling a challenge to state procedures denying parole could be brought under § 1983, because plaintiff would be entitled, at most, to a new parole hearing, not a reduced sentence); see also Brown v. Johnson, 169 F. App'x. 155, 157 (4th Cir. 2006) (unpublished) (noting that prisoner challenges to parole guidelines should proceed under § 1983); Overman v. Beck, 186 F. App'x. 337, 338 (4th Cir. 2006) (unpublished) (Section 1983 is the appropriate cause of action for inmate challenges to "policies and procedures applicable to their parole reviews, [but] not the denial of parole itself"); Tibbs v. Meehan, No. CV JKB-15-3214, 2016 WL 2770517, at *1 (D. Md. May 12, 2016).

For these reasons, respondent's motion for summary judgment (DE 16) is GRANTED.

**CONCLUSION**

For the aforementioned reasons, petitioner's motion to amend (DE 26) and respondent's motion for summary judgment (DE 16) are GRANTED. After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c). The Clerk of Court is DIRECTED to close this case. SO ORDERED, this the 13th day of March, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge